IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KRISTINA KOCH,

          Plaintiff,

vs.

LIBERTY MUTUAL FIRE
INSURANCE CO.,

          Defendant.

4:22-CV-3080

MEMORANDUM AND ORDER

    This matter is before the Court in a somewhat unusual procedural posture: Both parties want the case dismissed. The plaintiff, however, wants to voluntarily dismiss it *without* prejudice, presumably pursuant to Fed. R. Civ. P. 41(a)(2). *See* filing 35. The defendant, Liberty Mutual, wants it dismissed *with* prejudice pursuant to Fed. R. Civ. P. 12(c). Filing 30. The Court finds that Liberty Mutual has the better part of the argument, and will dismiss the plaintiff's complaint with prejudice.

BACKGROUND

    The plaintiff was injured in a January 3, 2017 automobile accident with an underinsured motorist. Filing 16 at 3. She suffered permanent injuries and her car was totaled. Filing 16 at 4. The tortfeasor ultimately found responsible for the accident was insured to a policy limit of $100,000. Filing 16 at 7. The plaintiff was covered by an auto insurance policy issued by Liberty Mutual, which included underinsured motorist coverage for another $100,000. *See* filing 16 at 3; filing 17-1 at 4; filing 31-1 at 8.

    On November 12, 2018, the plaintiff demanded her policy limits from Liberty Mutual based on documentation of more than $200,000 in damages.

Filing 16 at 5. Liberty Mutual refused coverage, and the plaintiff sued Liberty Mutual for breach of contract. Filing 16 at 5; filing 31-1 at 45-49.

On February 19, 2021, the tortfeasor tendered her $100,000 policy limit, and the plaintiff accepted it with Liberty Mutual's assent a few weeks later. Filing 16 at 7; filing 17 at 9. A month after that, Liberty Mutual offered to settle the plaintiff's breach of contract claim for $30,000. Filing 16 at 7. The plaintiff refused and the case was tried to a Lancaster County jury, which returned a verdict for the plaintiff in the amount of $2,600,000. Filing 16 at 8; filing 31-1 at 79. Judgment was ultimately entered on April 7, 2022 in the amount of $125,354.66, comprising the policy limits, attorney's fees of $25,000, and costs of $354.66. Filing 17 at 10; filing 31-1 at 212-13.

The plaintiff initiated this case on May 6, 2022. Filing 1. The plaintiff filed an amended complaint on June 29, filing 16, and Liberty Mutual answered on July 13, filing 17. As relevant, the plaintiff's operative amended complaint seeks damages for Liberty Mutual's alleged bad faith handling of her underinsured motorist claim, and attorney's fees pursuant to Neb. Rev. Stat. § 44-359.[1] Filing 16.

Liberty Mutual filed its motion for judgment on the pleadings (filing 30) on September 6, arguing that the plaintiff's bad faith claim is precluded by virtue of her failure to assert it in the previous coverage litigation. *See* filing 32. On September 30, the plaintiff filed two documents: a brief (filing 36) opposing Liberty Mutual's motion for judgment on the pleadings, and a motion to dismiss without prejudice (filing 35). Liberty Mutual opposes the motion to dismiss. Filing 38.

---

[1] The Court notes that attorney's fees were awarded pursuant to § 44-359 in the coverage litigation. Filing 31-1 at 207-209. It is not clear what basis there could be to award additional fees in this case.

DISCUSSION

As noted above, there are two issues here. The first is whether the plaintiff should be permitted to voluntarily dismiss her complaint without prejudice. Filing 35. The second is whether Liberty Mutual is entitled to dismissal with prejudice based on claim preclusion. Filing 30.

VOLUNTARY DISMISSAL

Rule 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss her case without the Court's permission by filing a notice of dismissal before the defendant serves an answer or motion for summary judgment. But Liberty Mutual has appeared and answered and opposes dismissal, so the plaintiff is not entitled to dismiss her claim as a matter of right. Rule 41(a)(1)(A) is out of play. Instead, the plaintiff can only rely on Rule 41(a)(2), which provides in relevant part that her "action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

> A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.

*Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213-14 (8th Cir. 2011); *see Tillman v. BNSF Ry. Co.*, 33 F.4th 1024, 1027 (8th Cir. 2022).

Here, however, the plaintiff has offered no explanation whatsoever for her desire to dismiss. Her motion contains only one sentence: "Plaintiff, Kristina Koch, moves the Court for a dismissal without prejudice of the above-captioned matter." Filing 35. And she filed neither a brief in support of her motion, nor any reply to Liberty Mutual's opposition.

That leaves the Court with little choice, because the Eighth Circuit has been quite clear that it's an abuse of discretion to grant a plaintiff's motion for dismissal without prejudice after the defendant files a dispositive motion, if the plaintiff's motion "fails to disclose the reason for seeking the dismissal without prejudice" and "[t]he only possible basis for the dismissal without prejudice appears to be that plaintiff feared the trial court might grant the [defendant's] motion." *See Williams v. Ford Motor Credit Co.*, 627 F.2d 158, 159-60 (8th Cir. 1980); *see also Tillman*, 33 F.4th at 1028; *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 951 (8th Cir. 1999). The Court is obliged to address the plaintiff's purported reason for the voluntary motion to dismiss and determine whether the stated purpose is proper. *Tillman*, 33 F.4th at 1028; *see Thatcher*, 659 F.3d at 1214. The Eighth Circuit has "repeatedly noted the importance of inquiring into whether a party has a proper explanation for its desire to dismiss." *Tillman*, 33 F.4th at 1028. And a plaintiff's "failure to explain why voluntary dismissal is being sought and to advise what claims may be filed in a new action often justifies denying a motion to dismiss without prejudice." *Id.*

It is true that the *other* factors the Court must consider do not weigh heavily in favor of dismissal. The Court has expended very little time and effort on this case, because it is barely past the pleading stage. *See Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014). Nor does Liberty Mutual's claim to prejudice—that the plaintiff "has given Liberty Mutual the

- 4 -

benefit of certainty and finality with respect to her pleadings and her waiver of objections to Liberty Mutual's outstanding discovery requests," filing 38 at 7—carry much weight. Legal prejudice means more than simply the possibility of defending another action. *Mullen*, 770 F.3d at 728; *see Tillman*, 33 F.4th at 1030. Nor is a defendant sufficiently prejudiced by losing the tactical advantage of a missed discovery deadline. *Mullen,* 770 F.3d at 728.

Nonetheless, the Court cannot overlook the plaintiff's complete failure to provide *any* explanation for voluntary dismissal without prejudice, much less a proper one. Accordingly, the Court will deny the plaintiff's motion to dismiss.

CLAIM PRECLUSION

Liberty Mutual's claim preclusion argument is presented via a motion for judgment on the pleadings. As a general rule, a Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss. *Buckley v. Hennepin Cnty.*, 9 F.4th 757, 760 (8th Cir. 2021); *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010). Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law. *Rossley v. Drake Univ.*, 958 F.3d 679, 683 (8th Cir. 2020); *Levitt v. Merck & Co., Inc.*, 914 F.3d 1169, 1171 (8th Cir. 2019). A Rule 12(c) motion requires the Court to view all facts pleaded by the nonmoving party as true and grant all reasonable inferences in favor of that party. *Rossley,* 958 F.3d at 683; *Buckley,* 9 F.4th at 760.

The Court generally may not consider matters outside the pleadings on a motion for judgment on the pleadings. *von Kaenel v. Armstrong Teasdale, LLP,* 943 F.3d 1139, 1143 (8th Cir. 2019). The Court may, however, consider some public records, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings. *Id.*; *see Buckley,* 9

F.4th at 760; *see also Planet Sub Holdings, Inc. v. State Auto Prop. & Cas. Ins. Co., Inc.*, 36 F.4th 772, 776 (8th Cir. 2022). That includes court records from previous proceedings. *See Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

Claim preclusion bars relitigation of any right, fact, or matter directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. *Marie v. State*, 922 N.W.2d 733, 738 (Neb. 2019). The doctrine bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action. *Id*. The doctrine rests on the necessity to terminate litigation and on the belief that a person should not be vexed twice for the same cause. *Id*. Accordingly, the judgment in a former action between the same parties is final as to every issue which could have been decided in that action. *Lincoln Lumber Co. v. Fowler*, 533 N.W.2d 898, 903 (Neb. 1995).

The applicability of the doctrine of res judicata is a question of law, *Ichtertz v. Orthopaedic Specialists of Neb.*, 730 N.W.2d 798, 803 (Neb. 2007), although whether claim preclusion applies in any given case is necessarily fact dependent, *Fetherkile v. Fetherkile*, 907 N.W.2d 275, 286 (Neb. 2018). The test to determine if the judgment in the underlying case was on the same claim for relief as is presented in the instant action is whether the same evidence will sustain both the present and former actions. *Baer v. Southroads Mall Ltd. P'ship*, 566 N.W.2d 734, 738 (Neb. 1997); *Pflasterer v. Koliopoulos*, 328 N.W.2d 789, 791 (Neb. 1983); *see Ichtertz*, 730 N.W.2d at 804. Stated another way, the question is whether the right sought to be vindicated in the subsequent suit rests upon the same operative facts as the prior suit. *See Farmers State Bank*

*of Plymouth v. Germer*, 437 N.W.2d 463, 467 (Neb. 1989); *Graham v. Waggener*, 367 N.W.2d 707, 709 (Neb. 1985); *In re Marcus W.*, 649 N.W.2d 899, 909 (Neb. Ct. App. 2002); *see also Ichtertz*, 730 N.W.2d at 804.

No matter how the test is worded, it's satisfied here. It's apparent from the plaintiff's complaint that the operative facts and evidence supporting her bad faith claim also underlaid her breach of contract claim. *Compare* filing 16, *with* filing 31-1 at 54-55. Under Nebraska law, a first-party bad faith cause of action is based upon allegations that the insurer, in bad faith, refuses to settle with its own policyholder insured, who thereby suffers some type of direct loss. *LeRette v. Am. Med. Sec., Inc.*, 705 N.W.2d 41, 47 (Neb. 2005). The tort springs from the breach of the covenant of good faith and fair dealing. *Id.* So, to establish a claim for bad faith, a plaintiff must show an absence of a reasonable basis for denying the benefits of the insurance policy and the insurer's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim. *Id.* at 48.

Here, the plaintiff did not sue Liberty Mutual on the coverage claim until over three years after the accident, and nearly a year-and-a-half after Liberty Mutual denied the plaintiff's documented demand for her policy benefits. Filing 16 at 4-5. Her bad faith claim had accrued, yet she did not pursue it in the ongoing litigation she had initiated. And the essential operative fact—the denial of coverage for, the plaintiff alleges, no good reason—is the basis for both claims. That's presumably why the substantial majority of courts to have confronted similar facts have likewise concluded that a subsequent bad faith claim is precluded by judicial resolution of a prior coverage claim. *Villarreal v. United Fire & Cas. Co.*, 873 N.W.2d 714, 722 (Iowa 2016) (collecting cases); *Hamilton v. State Farm Fire & Cas. Co.*, 127 F.3d 1102 (6th Cir. 1997); *see, e.g., Dotson v. Atl. Specialty Ins. Co.*, 24 F.4th 999, 1004 (5th Cir. 2022), *cert.*

*denied,* No. 21-1508, 2022 WL 4651810 (U.S. Oct. 3, 2022); *Reid v. Transp. Ins. Co.*, 502 F. App'x 157, 160–61 (3d Cir. 2012); *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 529 (6th Cir. 2006); *Stephens v. State Farm Fire & Cas. Co.*, 149 F. App'x 908, 911 (11th Cir. 2005); *Porn v. Nat'l Grange Mut. Ins. Co.*, 93 F.3d 31, 37 (1st Cir. 1996); *Murway v. Allstate Fire & Cas. Ins. Co.*, 435 F. Supp. 3d 1158, 1169 (D. Colo. 2020); *State Farm Fire & Cas. Co. v. Luong*, No. 2:17CV248, 2017 WL 11509350, at *5 (E.D. Va. Dec. 15, 2017); *Zweber v. State Farm Mut. Auto. Ins. Co.*, 39 F. Supp. 3d 1161, 1169 (W.D. Wash. 2014); *Stafford v. Jewelers Mut. Ins. Co.*, No. 3:12-CV-050, 2013 WL 796272, at *14 (S.D. Ohio Mar. 4, 2013), *aff'd,* 554 F. App'x 360 (6th Cir. 2014); *Powell v. Infinity Ins. Co.*, 922 A.2d 1073, 1081 (Conn. 2007); *Hubbell v. Trans World Life Ins. Co. of N.Y.*, 408 N.E.2d 918, 919 (N.Y. 1980); *Chandler v. Com. Union Ins. Co.*, 467 So. 2d 244, 250 (Ala. 1985); *Stone v. Beneficial Standard Life Ins. Co.*, 542 P.2d 892, 894 (Or. 1975); *McClain ex rel. Rutledge v. James*, 453 S.W.3d 255, 266 (Mo. Ct. App. 2014); *Viscusi v. Progressive Universal Ins. Co.*, 781 N.W.2d 551 (Wis. Ct. App. 2010); *Lincoln Prop. Co., N.C. v. Travelers Indem. Co.*, 41 Cal. Rptr. 3d 39, 47 (Ct. App. 2006); *Miller v. State & Cnty. Mut. Fire Ins. Co.*, 1 S.W.3d 709, 714 (Tex. App. 1999). *But see* *Slider v. State Farm Mut. Auto. Ins. Co.*, 557 S.E.2d 883, 888 (W. Va. 2001); *Fortson-Kemmerer v. Allstate Ins. Co.*, 393 P.3d 849, 859 (Wash. Ct. App. 2017).[2]

---

[2] Liberty Mutual points out that when a state's highest court has not decided an issue, it's up to a federal court to predict how the state court would resolve it, considering relevant state precedent, analogous decisions, considered dicta and any other reliable data. Filing 32 at 14; *see, e.g.*, *United States v. Kent*, 44 F.4th 773, 777 (8th Cir. 2022). *Engineered Sales, Co. v. Endress + Hauser, Inc.*, 980 F.3d 597, 599 (8th Cir. 2020). That's certainly a correct statement of the law, but to the extent it's relevant here, it's squarely in the category of considering "relevant state precedent"—this is less a prediction on an open legal question, and more an

The plaintiff insists that the evidence used to sustain her coverage claim is different than the evidence sustaining the present bad faith claim—after all, she says, she now must adduce evidence of the defendant's claims practices, the duty she was owed, and the damages she suffered as a result of Liberty Mutual's alleged bad-faith denial of coverage. Filing 36 at 3-4. But both proceedings arise from Liberty Mutual's violation of the same contract—the plaintiff had knowledge of the facts and possible remedies, and nothing prevented the plaintiff from joining her claims in one action. *See Vantage Enters., Inc. v. Caldwell*, 244 N.W.2d 678, 683 (Neb. 1976); *Baer*, 566 N.W.2d at 738-39; *see also LeRette*, 705 N.W.2d at 48 (insured does not need to prevail on breach of contract claim to prevail on bad faith claim). New factual allegations to support a previously asserted claim do not create a new cause of action, and here, the second suit is clearly premised on the same transaction or series of transactions as the earlier suit. *See Ichtertz*, 730 N.W.2d at 804-05; *see also* Restatement (Second) of Judgments § 24 cmt. b (1982).

The plaintiff also relies on one of the few cases that would support her position—the Washington Court of Appeals' decision in *Fortson-Kemmerer*. Filing 36 at 4 (citing *Fortson-Kemmerer*, 393 P.3d at 859). The Court is not persuaded by that decision, because the underlying substantive law of claim preclusion applied in that case is meaningfully different from Nebraska law.

Under Washington law, the question is whether the subsequently-filed claim was "properly a part of the matter in controversy" in the previous litigation, determined by considering the subject matter, cause of action, persons and parties, and "the quality of the persons for or against whom the claim is made." *Id*. at 852-53. So in *Fortson-Kemmerer*, the Washington court

---

application of well-worn state rules to the facts of this case (although there is, admittedly, no Nebraska Supreme Court decision *squarely* on point).

- 9 -

determined that the insurer in a UIM coverage action had a "different quality" than in a subsequent bad faith action—an "adversarial" quality in the first action, and a "quasi-fiduciary" quality in the second. *See id.* at 859. But whatever the merits of that decision, it finds little support in the claim preclusion rules of Nebraska, as explained above. And the Washington court even noted that Washington had not adopted the approach to claim preclusion of the Restatement (Second) of Judgments, to which Nebraska generally looks. *Id.*; *see, e.g.*, *Hara v. Reichert*, 843 N.W.2d 812, 816-17 (Neb. 2014).

Finally, it is true that events occurring *after* the events giving rise to an earlier claim may give rise to a new claim, which is not precluded by the earlier judgment. *Ichtertz*, 730 N.W.2d at 805. And if a party could not have raised a claim in the prior action, perhaps because the court in the prior action lacked jurisdiction over it or because the claim had not yet matured, then the judgment in the prior action would not preclude the assertion of that claim in a subsequent action. *Jensen v. Champion Window of Omaha, LLC*, 900 N.W.2d 590, 594 (Neb. Ct. App. 2017). On that basis, courts have concluded that a subsequent bad faith claim may be raised, notwithstanding previous coverage litigation, if the bad faith claim only arose after conclusion of the first action. *See Villarreal*, 873 N.W.2d at 725 (collecting cases); *see also, e.g.*, *Rawe*, 462 F.3d at 531; *McCarty v. First of Georgia Ins. Co.*, 713 F.2d 609, 613 (10th Cir. 1983); *Jerry v. Allstate Ins. Co.*, 553 F. Supp. 3d 287, 293 (D. Md. 2021).

But that principle is not applicable here, for two reasons. The first, and most obvious, is that the plaintiff has not argued that her bad faith claim arose or was discovered only after the previous lawsuit. *See* filing 36. And second, while the plaintiff's operative complaint alleges some facts occurring after the previous litigation against Liberty Mutual was commenced, it alleges none after the previous litigation was concluded, nor does the plaintiff's bad faith

claim *depend* on events occurring after the previous litigation to establish the existence of the claim. *See Jensen,* 900 N.W.2d at 594.

In sum, the Court finds that under Nebraska law, the plaintiff's bad faith claim is precluded by her failure to assert it when she could have, and perhaps should have, in her previous action against Liberty Mutual. Accordingly,

IT IS ORDERED:

1. The plaintiff's motion to dismiss (filing 35) is denied.

2. Liberty Mutual's motion for judgment on the pleadings (filing 30) is granted.

3. The plaintiff's complaint is dismissed with prejudice.

4. A separate judgment will be entered.

Dated this 3rd day of November, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge